## THE PATRICIA M. BEHAN.

(District Court, E. D. New York. June 3, 1924.)

**Admiralty ⏣⏴32—Court held not to have acquired jurisdiction over vessel.**

The court *held* not to have acquired jurisdiction over a vessel which, when the libel was filed, was without the district, and was subsequently brought within the district without consent of the marshal of another district, who had her in custody.

In Admiralty. Suit by Arthur H. Schloerb and others against the Schooner Patricia M. Behan. On motion by claimant to dismiss libel. Granted.

Buchner & Gilmore, of Brooklyn, N. Y. (George V. A. McCloskey, of New York City, of counsel), for libelant.

Cooper & Cooper, of New York City (Morris Cooper, Jr., of New York City, of counsel), for claimant.

GARVIN, District Judge. This is a motion for an order dismissing the libel heretofore filed by the claimant, discharging the stipulations for value, and for costs, on the ground that the court acquired no jurisdiction over the schooner Patricia M. Behan, against which the libel was filed.

It appears that, when the libel was filed, the boat was at Port Newark, N. J., without the jurisdiction of this court. The marshal of this district attempted to make the attachment by sending his process to the collector of customs, New York. The court is of the opinion that by this act the court acquired no jurisdiction over the vessel. It appeared that while she was at Port Newark she was seized by the marshal of the district of New Jersey, and thereafter was removed to Brooklyn without the consent of said marshal, and over his objection. By such an act jurisdiction cannot be conferred.

A stay of execution of the order to be entered hereon may be included in the order, so as to permit an application to the reviewing court for a further stay pending appeal, if the order is to be reviewed.

⏣⏴For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes